UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Criminal Case No. 1:17-cr-00417-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVEN DYKES

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**
_____

    On May 17, 2021 Mr. Dykes, representing himself, filed a motion for a compassionate release. ECF No. 245. On May 28, 2021 the government filed a response in opposition to the motion. ECF No. 247. After considering the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, the motion is denied for the following reasons:

    1. Steven Dykes is a 65-year old gentleman who was convicted of Count 1 (Attempt and Conspiracy to Commit Fraud) and Count 14 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity). The Court sentenced him on August 16, 2018 to a total of 108 months imprisonment, followed by three years of supervised release. He is jointly and severally liable with his co-defendants for $6,011,900 restitution to the victims of the fraud. He filed an appeal, but the appeal was dismissed because of the partial appeal waiver in his Plea Agreement. By the Court's calculation he has served approximately 34% of the sentence at this time. His projected release date is March 16, 2026.

2. In support of his motion Mr. Dykes cites his age, his health, and family hardship. Regarding health, Mr. Dykes points to medical conditions that render him susceptible to serious complications if he contracts COVID-19, i.e., Type II Diabetes, hypertension, anemia, atrial fibrillation, and a deteriorated liver from pancreatitis in November 2017. In terms of family hardship, he informs the Court that his fiancée and her two children, ages 18 and 12, are temporarily living with friends but have also lived in cars, vans, and shelters. They were living with him and were financially supported by him before his incarceration. His fiancée's estranged husband is not paying child support. She is unable to work due to fibromyalgia, home-schooling her 12-year old, and caring for a friend who is dying of cancer.

3. The government opposes the motion on several grounds. First, it points out (as Mr. Dykes did not) that he has been vaccinated with the Moderna vaccine in prison. Second, the government notes the serious nature of the fraudulent scheme. The conspirators defrauded more than 30 investors, 19 of whom were more than 70 years old, of more than $6 million. Third, the government notes that Mr. Dykes had served (at the time of the response) less than a third of his sentence. The government acknowledges the hardship Mr. Dykes' incarceration has on his fiancée and her children but also notes that no evidence has been provided that they have explored other options such as pursuing her husband, the children's father, for child support or assistance. The government observes that Mr. Dykes personally received nearly $700,000 of the victims' money and used the money largely to fund his personal lifestyle. Finally, the government notes that Mr. Dykes' criminal history includes other fraud and theft offenses.

4. The Court appreciates that COVID-19 has been a serious risk to all inmates, even more so to inmates who have recognized risk factors for more serious consequences. However, the BOP has implemented measures designed to help to protect inmates from the virus. Mr.

Dykes did not discuss or update the measures or their success rate at his facility. His medical records indicate that he has been tested for COVID, and the tests have been negative. More importantly, he did not mention his vaccination or comment on the degree to which that plus other BOP measures have reduced the risk that he will contact COVID or experience serious consequences if he does.

5. The Court appreciates the difficulties that Mr. Dykes' fiancée and her children are said to be experiencing in his absence. The Court was informed of their financial circumstances in the Presentence Investigation Report, although at that time the indication was that the fiancée, then age 48, was not employed because she was devoted to raising her children. ECF No. 109 at 24. The Court noted the impact on his fiancée and her children during the sentencing hearing as well. ECF No. 169 at 135-36. But the Court followed that observation by noting that although the co-defendants got the fraudulent scheme started, Mr. Dykes was the individual who got the investors (two of whom were 85-year old brothers who lost approximately $5.2 million) into it. *Id.* at 136.

7. Overall, considering the totality of the circumstances including particularly the health issues, the seriousness of the offense, and the fact that Mr. Dykes has only served a little over one-third of his sentence, the Court does not find that Mr. Dykes has presented an extraordinary and compelling reason for a compassionate release.

**ORDER**

Defendant's motion for compassionate release, ECF No. 245, is DENIED.

Dated July 21, 2021

BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson

United States District Judge